TEUNIS G. BERGEN, APPELLANT, *v.* ADOLPH GUBNA, AS SUPERVISOR, AND OTHERS, RESPONDENTS.

*Town hall — purchase of site for — application to supervisors therefor, under § 20, chap. 482 of 1875 — what is proper.*

Upon the application of certain tax-payers of the town of New Utrecht, the board of supervisors ordered a special town meeting " to consider and decide the question of purchasing a site for a town hall." At a meeting held in pursuance of this order, a resolution was adopted " that the question be determined by ballot of the votes of this town meeting, whether a site shall be purchased for a town hall, and a building purchased or erected for such hall. * * *"

Upon the return of an affirmative vote on this resolution to the board of supervisors, authority was given to the town to purchase the site and erect the hall, and to borrow money for that purpose. *Held,* that the resolution adopted by the town meeting was a sufficient compliance with section 20, chapter 482, of 1875, empowering the board of supervisors to authorize any town, *when application shall be made therefor* by vote of a majority of the electors  *  *  * to purchase a site for a town hall, and erect a building thereon.

The power conferred by this section is not restricted by chapter 197, of 1847, and chapter 157, of 1849, authorizing the erection of a town hall by the said town, and limiting the amount to be expended therefor.

APPEAL from an order made at the Special Term dissolving a temporary injunction granted in this action, and denying a motion to continue the same.

The action was brought by the plaintiff, a resident and tax-payer of the town of New Utrecht, in the county of Kings, to restrain the defendant Gubna, supervisor of said town, from issuing bonds in the name of the town to provide means for purchasing a site and erecting a town hall thereon, and to restrain the other officers of the town from co-operating with him.

*John Winslow,* for the appellant.

*John H. Bergen,* for the respondents.

BARNARD, P. J.:

By section 19 of chapter 482 of the Laws of 1875, the legislature enacted that "boards of supervisors should have power to provide for the calling and holding of special town meetings, to consider and decide any question upon which the electors of the town may be called to take action in accordance with the provisions of this act."

By section 20 of the same act, "power is given to the board of supervisors to authorize any town, when application shall be made therefor by vote of a majority of the electors voting on the question at any annual or duly called special town meeting,  *  *  * to purchase a site for a town or village hall, and to purchase or erect a building for such hall, and to raise money as may be necessary from time to time for the care, preservation and improvement of such hall."

On the 28th of June, 1876, a petition was presented to the board of supervisors of Kings county, from certain tax-payers of New Utrecht, asking the board to call a special town meeting " to consider and decide the question of purchasing a site  *  *  *  for a town hall for said town."

· The board ordered a special town meeting to consider and decide this question to be held on 11th July, 1876. At this meeting the electors voted by a large majority in favor of the following resolution :

*Resolved*, " That the question be determined by ballot by the votes of this town meeting, whether a site shall be purchased for a town hall, and a building purchased or erected for such hall, the amount to be raised by tax for such purpose not to exceed the sum of $10,000, and money raised as may be necessary from time to time for the care, preservation and improvement of such hall." Upon the return of the vote on this resolution to the board of supervisors, it authorized the town of New Utrecht to purchase the site and erect the hall, and for that purpose to borrow money not exceeding $10,000.

The plaintiff objects to the legality of the proceedings, because the vote of the town meeting was not to make the application to the board of supervisors, but upon the question of the willingness of the electors to purchase the site, and erect the hall. I think the objection of no weight. The object of the law is plain. The supervisors may, with the consent and on the application of the town, authorize it to buy the site and build the hall. The electors voted that a site should be purchased and a hall built.

Upon this the supervisors conferred the power. The consent of the town, and the authority of the board concur, and that is all which is called for by the act in question.

By chapter 197 of Laws of 1847, any town was authorized to vote a sum of money for the purchase of a site and building for a town hall, not exceeding in number of dollars twice the number of electors in the town. By chapter 157, Laws of 1849, New Utrecht was permitted to raise this amount in three equal installments.

In 1870, the electors of New Utrecht voted to raise all it could raise, $900, for the site and hall. The money is now in the bank to the credit of the town.

It is claimed that these laws are still in force, and that New Utrecht can proceed only under these laws. The power conferred upon towns and boards of supervisors by the act of 1875, is unrestricted. It covers all cases which come within its provisions. There is no question involved as to the repeal of the Laws of 1847 and 1849. These laws applied only to towns where there was no town-house, and limited the money which could be raised to obtain one. If there had been a $900 town hall built under the law of 1847, it would be no reason why the town and board of supervisors could not obtain a better one under the law of 1875.

The order denying an injunction should be affirmed, with costs and disbursements.

DYKMAN, J., concurred. GILBERT, J., not sitting.

Order affirmed, with costs and disbursements.